10-0601-cr
United States v. Quiros

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee*,

   v.                                             No. 10-0601-cr

ARTURO QUIROS,

       *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**     Joseph J. Ferrante, Hauppauge, NY.

**FOR APPELLEE:**     Bonnie S. Klapper, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief*, and David C. James, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Arturo Quiros ("defendant" or "Quiros") appeals from a judgment of the District Court convicting him, pursuant to his guilty plea, of evading payroll taxes in violation of 26 U.S.C. § 7201 (Counts One through Twelve), and hiring aliens who were not authorized to work in the United States, in violation of 8 U.S.C. § 1324a (Count Thirteen). Quiros was sentenced principally to imprisonment for 36 months. On appeal, Quiros claims that his sentence was procedurally unreasonable because it was based on the District Court's alleged conclusion that further crimes committed by Quiros while he awaited sentencing were felonies, rather than misdemeanors. We assume the parties' familiarity with the facts and procedural history of the action.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence and reverse only when the Court's sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Quiros pleaded guilty on March 20, 2008 pursuant to a cooperation agreement with the government. While awaiting sentencing, it is undisputed that Quiros began hiring undocumented aliens again. In an addendum to its original Presentence Report, the United States Probation Office detailed this new criminal scheme and recommended an offense level of 24, five points higher than

2

it recommended following the initial guilty plea. Given his new criminal conduct, Quiros was no longer credited with a three-level reduction for acceptance of responsibility and was therefore subject to an advisory Guidelines range of 51 to 63 months.

Defendant does not dispute that he hired undocumented workers while awaiting sentencing. He argues, however, that without proof that the hiring of these additional workers was also part of a larger scheme involving tax evasion, the hiring of these undocumented workers should have been considered merely a Class B misdemeanor by the District Court. Defendant claims that by allegedly considering the new hiring a felonious act, the District Court committed procedural error during sentencing.

Defendant's claim of error fails. At sentencing, the District Court explicitly acknowledged defendant's argument, but explained that it need not reach the issue of whether the post-plea criminal conduct was a felony or a misdemeanor. The District Court explained the relevant factor for sentencing was Quiros's admitted hiring of undocumented workers, which was "part of the offense conduct to which he pleaded guilty." A 108. Indeed, after careful consideration of the record, the District Court imposed a sentence of 36 months, 15 months lower than the low end of the Guidelines range. We conclude, therefore, that the District Court's sentencing was procedurally and substantively sound.

## CONCLUSION

We have considered all of defendant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court

3